## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AZELIA WITCHEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12356** |
| **CHURCHILL DOWNS, INC., et al.** | **SECTION: "G"(5)** |

## <u>ORDER</u>

This litigation arises out of Plaintiff Azelia Witchen's ("Witchen") claim for damages in connection with injuries she claims to have suffered at the Fair Grounds Race Course and Slots when she entered an elevator with a rear-opening door of which she was not aware.[1] According to Plaintiff, when the rear door unexpectedly opened, she fell out of the elevator, causing "severe and painful injuries to her mind and body."[2] Plaintiff originally filed this action in state court, but Defendants Churchill Downs, Inc., Churchill Downs Louisiana Horseracing Co., LLC, Churchill Downs Louisiana Video Poker Co., LLC, Churchill Downs Management Co., LLC, and Churchill Downs Simulcast Productions, LLC (collectively, "Defendants") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon reviewing the Notice of Removal, it came to the Court's attention that the basis for this Court's subject matter jurisdiction must be clarified.[4] Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[5]

---

[1] Rec. Doc. 1-1 at 3.

[2] *Id.* at 4.

[3] Rec. Doc. 1 at 2.

[4] Rec. Doc. 4.

[5] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Case 2:16-cv-12356-NJB-MBN   Document 10   Filed 09/12/16   Page 2 of 10

On July 8, 2016, the Court ordered Defendants to submit summary judgment-type evidence regarding the amount in controversy at the time of filing.[6] Defendants filed a memorandum regarding the amount in controversy on July 21, 2016.[7] For the reasons that follow, the Court finds that Defendants have not established by a preponderance of the evidence that the amount in controversy at the time of filing exceeded $75,000. Therefore, the Court lacks subject-matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

In her Petition, Witchen alleges that on February 5, 2015, she entered an elevator at the Fair Grounds race course and casino and moved to the rear.[8]  According to Plaintiff, she did not know that the elevator had a rear door as well, and when it unexpectedly opened, she fell out of the elevator backwards, sustaining several injuries.[9] Witchen claims that Defendants' alleged negligence has "caused her to receive severe and painful injuries to her mind and body for which she has been obliged to undergo medical treatment, suffering great pain and mental anguish, loss of proper sleep and rest, and also requiring medication."[10]  According to Witchen, these injuries have resulted in damages including mental and physical pain and suffering, medical expenses, lost wages and loss of earning capacity, disability, loss of lifestyle and enjoyment of life, and other damages.[11]

---

[6] Rec. Doc. 4.

[7] Rec. Doc. 6.

[8] Rec. Doc. 1-1 at 3.

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* In a memorandum, Defendants assert that it appears from her answers to interrogatories that Plaintiff

In their Notice of Removal, Defendants asserted that the amount in controversy is met because, although Plaintiff's petition does not allege any specific injuries except those to her "mind and body" generally, Plaintiff stated in interrogatories that she had suffered a broken femur, and medical records produced in discovery reflect that Plaintiff also suffered a hip fracture.[12] Furthermore, Defendants alleged, Witchen's medical provider has claimed that it is entitled to reimbursement in the amount of $22,999.08 for medical payments made as a result of injuries sustained by Plaintiff.[13] Defendants assert that therefore, based on the alleged injuries and costs, the amount in controversy in this matter exceeds $75,000.[14]

On July 8, 2016, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores, Inc.*,[15] and *Gasch v. Hartford Accident & Indemnity Co.*,[16] the Court ordered that Defendants submit summary judgment-type evidence regarding the amount in controversy at the time of filing.[17] Defendant filed a memorandum regarding the amount in controversy on July 21, 2016.[18]

## II. Parties' Arguments

In their memorandum, Defendants contend that the amount in controversy requirement has

---

has since dropped her claim for lost wages. *See* Rec. Doc. 6 at 2 n.6.

[12] Rec. Doc. 1 at 5.

[13] *Id.*

[14] *Id.* at 6.

[15] 193 F.3d 848, 850 (5th Cir. 1999).

[16] 491 F.3d 278, 281 (5th Cir. 2007).

[17] Rec. Doc. 4.

[18] Rec. Doc. 6.

been satisfied because Plaintiff seeks damages in excess of $75,000.[19] According to Defendants, Witchen has stated in answers to interrogatories that she "suffered extreme pain, hospitalization and surgery," and records show that she took an emergency ambulance to the hospital, where she was diagnosed with a comminuted intertrochanteric fracture of the right hip, which was surgically repaired with a gamma nail and screws.[20] As a result, Defendants contend, Plaintiff was hospitalized for fifteen days, and required several months of follow-up visits at least until October of 2015.[21] Defendants also attach documents showing that Plaintiff required treatment for complications arising from her surgery including trochanteric bursitis, sciatica as a result of abnormal gait, and the need to be fitted with a heel lift for her shoe.[22] Therefore, Defendants allege, Plaintiff has incurred at least $22,999.08 in medical expenses, a number that could grow as Plaintiff is still calculating her damages.[23] Defendants claim that although it was not facially apparent from Plaintiff's complaint that she was seeking in excess of $75,000, the responses to Defendants' discovery requests have revealed that "the amount in controversy here is likely far greater than $75,000."[24]

According to Defendants, the Fifth Circuit has held that removal is proper where the Court can determine the specific types of injuries suffered, as opposed to general allegations of injuries, if such information provides the Court with indicia of the gravity of the plaintiff's injuries as well

---

[19] *Id.* at 2.

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 4.

as the cost of her care.[25] Here, Defendants argue, it is clear that Witchen incurred at least $22,999.08 in medical expenses, and the evidence reflects that she did not suffer only minor injuries, as she required a ride in an ambulance, fifteen days of hospitalization, and occupational and physical therapy both at the hospital and at home.[26] Defendants aver that these sorts of injuries, in addition to the resulting general damages alleged by Plaintiff, have been found to meet the amount in controversy within the Fifth Circuit.[27] Furthermore, Defendants allege, Louisiana courts have been willing to award general damages in excess of the jurisdictional minimum in cases involving similar injuries.[28]

In addition, Defendants claim, district courts in the Fifth Circuit have considered a plaintiff's refusal and failure to make stipulations as evidence of the amount in controversy.[29] Here, Defendants contend, shortly after receiving the instant petition, they contacted Plaintiff's attorney and requested that Plaintiff stipulate that her damages were less than $75,000.[30] According to Defendants, Plaintiff rejected this request.[31] Furthermore, Defendants argue,

---

[25] *Id.* at 5 (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Perritt v. Westlake Vinyls Co., L.P.*, 986 F. Supp. 2d 726, 736 (M.D. La. 2013)).

[26] *Id.* at 6.

[27] *Id.* (citing *Felton*, 324 F.3d at 774; *Gebbia*, 233 F.3d at 883; *Luckett*, 171 F.3d at 298; *James v. Home Depot USA, Inc.*, 2002 WL 145824 (E.D. La. July 3, 2002)).

[28] *Id.* (citing *Merritt v. Karcioglu,* 96-0431 (La. 2/25/97); 687 So.2d 1002; *Thibodeaux v. Stonebridge, L.L.C.*, 2003-1256 (La. App. 5 Cir. 4/27/04); 873 So.2d 755; *Fromenthal v. Delta Wells Surveyors, Inc,* 98-1638 (La. App. 4 Cir. 6/21/00); 764 So.2d 274; *Keyworth v. S. Baptist Hosp.,* 524 So.2d 56, 61–62 (La. App. 4 Cir. 4/4/88)).

[29] *Id.* at 7 (citing *Borill v. Centennial Wireless, Inc.,* 872 F. Supp. 2d 522, 528–29 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000); *Reid v. Delta Gas, Inc.,* 837 F. Supp. 751 (M.D. La. 1993)).

[30] *Id.*

[31] *Id.*

although Louisiana law prohibits the pleading of specific monetary damages in a petition, it does require that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount" be included.[32] Therefore, Defendants assert, although the failure to include an Article 893 stipulation alone is not sufficient to establish the jurisdictional minimum is in controversy, district courts in Louisiana consistently recognize that the omission of such a stipulation is entitled to some amount of consideration in the jurisdictional amount inquiry.[33] Defendants argue that the Court here should consider Plaintiff's failure to include the required Article 893 stipulation, in addition to the evidence of Plaintiff's injuries, in determining that the amount in controversy requirement has been met.[34]

### III. Law and Analysis

**A.**     ***Legal Standard***

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[35] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[36] The removing party bears the burden of demonstrating that federal jurisdiction exists.[37] In assessing whether removal was appropriate, the Court is guided by the

---

[32] *Id.* (citing La. C.C.P. art. 893A(1)).

[33] *Id.* (citing *Mergist v. Multi-Chem Group, L.L.C.,* No. 11-1821, 2012 WL 1493750 at *2–3 (W.D. La. Mar. 14, 2012); *Borill,* 872 F. Supp. 2d at 528–29).

[34] *Id.* at 8.

[35] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[36] 28 U.S.C. § 1332(a)(1).

[37] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[38] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[39]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[40] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[41] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[42]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[43] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[44] A defendant satisfies this burden either "(1) by

---

[38] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[39] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[40] *See Allen*, 63 F.3d at 1335.

[41] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[42] *Id.*

[43] *See* La. Code Civ. P. art. 893.

[44] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[45] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[46]

### B.   *Analysis*

In their "Memorandum in Support of Federal Subject Matter Jurisdiction," Defendants allege that the nature of Plaintiff's injuries, her ambulance ride, her surgery and hospitalization, and her need for follow-up care, plus her known medical costs of $22,999.08, establish that the amount in controversy exceeds $75,000. However, Defendants do not produce any evidence of the costs of any treatment or care outside of the $22,999.08 in medical expenses already incurred, nor do they establish what additional costs may be incurred in the amount of future medical damages, loss of earning capacity, or any other quantifiable damages alleged by Plaintiff. Although Plaintiff requests lost wages and lost earning capacity damages in her petition, Defendants have not submitted any summary judgment-type evidence supporting a numerical figure for any lost earnings capacity that Plaintiff seeks to recover, and Defendants assert that Plaintiff no longer appears to seek damages for lost wages.

In addition, Plaintiff seeks recovery for mental and physical pain and suffering, loss of enjoyment of life, and disability, in addition to medical expenses. Defendants cite several cases in

---

[45] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[46] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

which courts have considered as evidence of amount in controversy a plaintiff's failure to allege that his or her damages do not exceed $75,000. However, "where a claim is made for pain and suffering in a personal injury case, the amount claimed by the plaintiff does not have to be accepted by the Court as the amount in controversy when determining whether or not the Court has jurisdiction."[47] Here, Plaintiff has not alleged that her pain and suffering along with medical expenses would exceed $75,000, and Defendants provide no evidence to suggest that they would. Although some courts consider the failure to stipulate that damages do not exceed $75,000 as evidence that the jurisdictional minimum is met,[48] the Court does not find the lack of stipulation in this matter dispositive.[49]

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants allege medical expenses of $22,999.08.[50] The general damages in this case are too speculative for the Court to find by a preponderance of the evidence that they would exceed $52,000.92 in order for them to satisfy the amount in controversy requirement. Although the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not'

---

[47] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

[48] *See, e.g.*, *Mergist v. Multi-Chem Group, L.L.C.,* No. 11-1821, 2012 WL 1493750 at *2–3 (W.D. La. Mar. 14, 2012); *Borill,* 872 F. Supp. 2d at 528–29.

[49] *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707, at *4 (E.D. La. May 28, 2014) (Brown, J.).

[50] Rec. Doc. 6.

standard."[51] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to state court for lack of subject-matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 12th day of September, 2016.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).